UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSE ALBERTO CAMPOS RODRIGUEZ,<br><br>Petitioner,<br>v.<br>ISIDRO BACA, et al.,<br><br>Respondents. | Case No. 3:14-cv-00605-MMD-VPC<br><br>ORDER |

Petitioner has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court finds that petitioner is unable to pay the filing fee.

Petitioner is in custody pursuant to a judgment of conviction of a state court. Consequently, the governing statute is 28 U.S.C. § 2254, not 28 U.S.C. § 2241. Even though petitioner has not used the correct form, the Court has enough information to construe the petition under 28 U.S.C. § 2254. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court denies the petition because it is without merit on its face.

Pursuant to a plea of *nolo contendere*, in the Washoe County district court petitioner was convicted of a crime or crimes that he does not specify.[1] Petitioner did not appeal the judgment of conviction. Petitioner has filed in the state district court a motion to correct an illegal sentence; he has attached a copy to the petition.

---

[1] The Court takes judicial notice of *Campos v. Sandoval*, Case No. 3:14-cv-00590-RCJ-VPC. In the complaint filed in that action, petitioner alleges that he pleaded *nolo contendere*, but he did not state what the crimes were.

1  Petitioner's sole claim for relief is that the district attorney for Washoe County has
2  not furnished a bond for the faithful performance of his duties, required by NRS §
3  252.030. Plaintiff then argues that the district attorney does not hold his office properly,
4  that the deputy district attorneys who prosecuted him do not hold their offices properly,
5  that they all were without jurisdiction to prosecute him, and that his conviction is invalid.

6  The Court cannot grant petitioner relief on this claim. This violation of the law, if
7  there is indeed a violation of the state law and if it also is a violation of the Constitution
8  of the United States, occurred before petitioner entered his plea. Indeed, petitioner
9  alleges that he brought the matter of the bond to his counsel's attention, and then to the
10 attention of the prosecutor, before he entered his plea.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner's plea of *nolo contendere* is the functional equivalent of a guilty plea for the purposes of the rule in *Henderson*. He cannot now raise a claim that the prosecutor lacked the authority to prosecute him.

Reasonable jurists would not find the Court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

Petitioner has submitted a motion to extend prison copywork limit. The Court denies this motion because the Court is denying the petition and closing the action.

Petitioner has submitted a motion for the docket sheet (dkt. no. 4). He asks for the docket sheet in four actions that he has commenced in this Court. The Court grants the motion with respect to this action.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

///

It is further ordered that the Clerk of the Court shall file the petition for a writ of habeas corpus, which the Court construes as pursuant to 28 U.S.C. § 2254.

It is further ordered that the Clerk of the Court shall file the motion to extend prison copywork limit.

It is further ordered that the motion to extend prison copywork limit is denied.

It is further ordered that petitioner's motion for the docket sheet (dkt. no. 4) is granted in part. The Clerk of the Court shall send petitioner a copy of the docket sheet for this action.

It is further ordered that the Clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve respondents with a copy of the petition and a copy of this order. No response by respondents is necessary.

It is further ordered that the petition for a writ of habeas corpus is denied. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability shall not issue.

DATED THIS 21st day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE